**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| AARON BLAKE RABEL, et al., Plaintiffs, | ) | |
| v. | ) | Civil Action No. 1:26-cv-02400 (UNA) |
| PASADENA POLICE STATION, et al., Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is brought putatively by two *pro se* Plaintiffs, Aaron Blake Rabel and Taylor Marie Rabel. *See* Complaint ("Compl."), ECF No. 1, at 1. At the outset, the Court notes that, although Aaron Rabel has moved to proceed *in forma pauperis* ("IFP"), ECF No. 2, Taylor Rabel has not signed the pending IFP Application, ECF No. 2, nor paid the filing fee. Accordingly, any claims brought by Taylor Rabel are dismissed without prejudice, and the IFP Application is granted on behalf of Aaron Rabel only.

In any event, whether brought individually or collectively, the claims raised in the Complaint cannot survive dismissal, as pleaded. Rabel sues three Defendants, the Pasadena Police Station (located in Pasadena, Texas), the Houston Police Department (located in Houston, Texas), and the city of Houston, Texas, for alleged violations of constitutional rights. *See* Compl. at 1–3. The allegations are spare and vague. Rabel alleges that, at an unknown dates and times, he (1) "was placed in a chair (device) for hours, tortured civil litigation;" (2) "was told by a police detective that [his] step-uncle was alive that [Rabel] was a witness to [illegible]. Verdict of case by District Attorney unsolved dispute [illegible] evidence. 25-0012," and (3) "turned in a phone to Houston (downtown) police station with case number starting with 25-, Detective Jackson" and

to “Pasadena Jail Chief Michael Jackson.” *See id.* at 4. Under relief, Plaintiff states only that “civil disputed of verbal agreement.” *See id.*

*Pro se* litigants must comply with the Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Federal Rule of Civil Procedure 8(a) requires a complaint to contain “(1) a short and plain statement of the grounds for the court’s jurisdiction [and] . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief.” Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, as presented, neither the Court nor the Defendants can reasonably be expected to identify Rabel’s intended claims, and the allegations fall well short of stating a plausible claim, or establishing the Court’s subject matter jurisdiction.

More, even if the claims were better understood, venue is improper in this district. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a) (providing dismissal for improper venue). Here, all of the Defendants are located in Texas and all of the alleged actions giving rise to this case also occurred there. This case presents no connection to the District of Columbia.

For all of these reasons, this case is dismissed without prejudice. A separate Order accompanies this Memorandum Opinion.

TREVOR N. McFADDEN
United States District Judge

Date: October 20, 2026